**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| COREY DAY and MICHELLE JETER, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>Defendant. | Case No. ________________________<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

Plaintiff Corey Day and Michelle Jeter ("**Plaintiffs**"), by the undersigned attorneys, on their own behalf and behalf of all others similarly situated, upon personal knowledge with respect to themself, and upon information and belief as to all other matters, bring this class action against Defendant First Advantage Background Services Corp. ("**Defendant**"), pursuant to the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681 *et seq*., and alleges as follows:

## NATURE OF THE ACTION

1. The need for consumer reporting agencies to adopt reasonable procedures to ensure that the information they disseminate is accurate, up-to-date, and furnished only to users for legally permissible purposes is more critical than ever. Today, approximately three billion consumer credit reports are issued annually in the United States. Moreover, every month, credit reporting agencies receive roughly 1.3 billion updates regarding 200+ million consumer files—an average of fifteen changes per file. National Consumer Law Center, *Fair Credit Reporting* § 1.2.2 (10th ed. 2022), *updated at* www.nclc.org/library.

2. In enacting the FCRA in 1970, Congress expressly acknowledged "[t]here is a need to insure *(sic)* that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

3. Congress was particularly concerned with the expanding practice of "credit reporting," noting in a Senate Report accompanying the new legislation that a consumer's future employment could be jeopardized by an incomplete (or otherwise erroneous) credit or consumer report. S. Report 91-517, at 4 (1970).

4. Consequently, prior to providing a consumer report to an employer, the FCRA now requires consumer reporting agencies to: (i) make a reasonable effort to verify the identity of a new prospective user of the information and the uses certified by such prospective user; and (ii) follow reasonable procedures designed to assure maximum possible accuracy of the information in the consumer report. *See* 15 U.S.C. § 1681e(a) and (b).

5. In addition to the FCRA, Texas Business and Commerce Code §20.05(a)(4) restricts a consumer reporting agency's reporting of, *inter alia*, the conviction of a crime in which the date of disposition, release, or parole predates the consumer report by more than seven years.

6. Despite these and other prohibitions, Defendant violated the FCRA and Texas law by, *inter alia*: (i) producing consumer reports regarding Plaintiffs and other consumers that were incomplete, inaccurate, and/or misleading; and (ii) reporting criminal conviction data that predates the consumer reports by more than seven years.

7. Upon information and belief, Defendant's actions were taken according to company policy and procedure in violation of the FCRA and Texas law and affect each proposed class member. As such, Plaintiffs, on their own behalf and behalf of all others similarly situated, file this Class Action Complaint seeking statutory damages, punitive damages, costs and attorneys'

fees, and all other relief available pursuant to the FCRA and Texas law.

**PARTIES**

8. Plaintiff Corey Day is, and was at all relevant times, a resident of Texas. Plaintiff was the subject of a consumer report[1] produced by Defendant for employment purposes.

9. Plaintiff Michelle Jeter is, and was at all relevant times, a resident of Texas. Plaintiff was the subject of a consumer report produced by Defendant for employment purposes.

10. Defendant, a consumer reporting agency[2] as defined by the FCRA, is a foreign company doing business in Texas and may be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. Upon information and belief, Defendant has produced more than 10,000 consumer reports for employment purposes in the U.S, including Texas, in the past two years.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States.

12. This Court has personal jurisdiction over Defendant because Defendant operates in this District and Defendant's contacts with this District are so continuous and systematic as to

---

[1] The FCRA defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for …(B) employment purposes[.]" 15 U.S.C. § 1681(d)(1)(B).

[2] The FCRA defines "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681(a)(f).

render Defendant essentially at home in this District. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this District, and Defendant is subject to personal jurisdiction here.

**LEGAL AUTHORITY**

14. The FCRA is "undeniably a remedial statute that must be read in a liberal manner in order to effectuate the congressional intent underlying it." *Cortez v. TransUnion*, 617 F.3d 688, 722 (3d Cir. 2010).

15. Section 1681e(a) of the FCRA requires that consumer reporting agencies, *inter alia*, "maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S.C. § 1681e(a). It further states:

> These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

*Id*.

16. Section 1681e(b) of the FCRA requires consumer reporting agencies to satisfy the following standard when producing consumer reports:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b).

17. In demanding maximum possible accuracy, the FCRA recognizes the significant impact of consumer reports on consumers, as well as ensures the procedures used to prepare the reports by consumer reporting agencies will be reasonable.

18. Courts recognize two forms of inaccurate information in consumer reports: (i) patently inaccurate information; and (ii) materially misleading information. Information is "materially misleading" if it is misleading in such a way and to such an extent that it can be expected to adversely affect employment decisions.

19. Texas Business and Commerce Code §20.05 regulates consumer reporting agencies and protects consumers from inaccurate, obsolete, unfair, and unauthorized use of their personal information. The state statute governs how certain information about consumers may be collected, reported, accessed, corrected, and protected.

20. Texas Business and Commerce Code §20.05(a)(4) prohibits a consumer reporting agency's furnishing of a consumer report containing information related to a record of arrest, indictment, or conviction of a crime in which the date of disposition, release, or parole predates the report by more than seven years.

## FACTUAL ALLEGATIONS

21. Defendant produces background screening and other consumer reports for end users for employment purposes for a fee. The consumer reports produced by Defendant contain items which are matters of public record and are likely to have an adverse effect on a consumer's ability to obtain employment.

### PLAINTIFF DAY

22. Upon information and belief, Defendant knows it must comply with the FCRA and Texas law when producing and providing consumer reports.

23. Plaintiff Day applied for employment with an end user, Lowe's, in Texas in February of 2026.

24. Upon information and belief, a written agreement addressing the production of consumer reports exists between Defendant and Lowe's which requires Defendant to produce reports that comply with the FCRA and all state laws.

25. Plaintiff Day was offered employment with Lowe's in February of 2026.

26. Lowe's requested a consumer report relating to Plaintiff Day ("Consumer Report") for employment purposes from Defendant on February 17, 2026.

27. On February 19, 2026, Defendant provided Lowe's with Plaintiff Day's Consumer Report.

28. Plaintiff Day's job offer was withdrawn after Lowe's received a copy of the Consumer Report produced by Defendant.

29. Plaintiff Day lost Defendant's job offer based on obsolete information in the Consumer Report.

30. The Consumer Report contains a section titled, "First Advantage National Criminal File."

31. The First Advantage National Criminal File unambiguously states that the scope of its criminal history search is a seven-year period: 02/03/2019 - 02/03/2026.

32. Defendant's purported use of a seven-year criminal history search scope is consistent with Texas Business and Commerce Code §20.05(a)(4).

33. The First Advantage National Criminal File was completed by Defendant on February 19, 2026.

34. A reasonable reader would not expect Plaintiff Day's Consumer Report to include

criminal history information outside of the designated seven-year search scope of 02/03/2019 - 02/03/2026.

PLAINTIFF JETER

35. Plaintiff Jeter applied for employment with an end user, Home Depot, in Texas in January of 2025.

36. Upon information and belief, a written agreement addressing the production of consumer reports exists between Defendant and Home Depot which requires Defendant to produce reports that comply with the FCRA and all state laws.

37. Plaintiff Jeter was offered employment with Home Depot in January of 2025.

38. Home Depot requested a consumer report relating to Plaintiff Jeter ("Consumer Report") for employment purposes from Defendant on January 4, 2025.

39. On January 6, 2025, Defendant provided Home Depot with Plaintiff Jeter's Consumer Report.

40. Plaintiff Jeter's job offer was withdrawn after Home Depot received a copy of the Consumer Report produced by Defendant.

41. Plaintiff Jeter lost Defendant's job offer based on obsolete information in the Consumer Report.

42. Plaintiff Jeter's Consumer Report contains a section titled, "First Advantage National Criminal File."

43. The First Advantage National Criminal File unambiguously states that the scope of its criminal history search is a seven-year period: 12/21/2017 - 12/20/2024.

44. Defendant's purported use of a seven-year criminal history search scope is consistent with Texas Business and Commerce Code §20.05(a)(4).

45. The First Advantage National Criminal File was completed by Defendant on January 6, 2025.

46. A reasonable reader would not expect Plaintiff Jeter's Consumer Report to include criminal history information outside of the seven-year search scope of 12/21/2017 - 12/20/2024.

AVERMENTS APPLICABLE TO PLAINTIFFS DAY AND JETER

47. The Consumer Reports harmed Plaintiffs' reputations in that it created, *inter alia*, the false and misleading impression that Plaintiffs had recent criminal history.

48. A reasonable reader would expect Defendant to abide by Texas Business and Commerce Code §20.05(a)(4) when providing a consumer report for employment purposes.

49. Defendant's First Advantage National Criminal File did not locate any criminal history relating to Plaintiffs within their designated seven-year scope of search.

50. The Consumer Report does not clarify that Plaintiffs did not have any criminal history within their designated seven-year scope of search.

51. Defendant's procedure of designating a seven-year scope of search in a consumer report and then reporting criminal history outside of the scope without clarifying information creates a false and misleading impression that the consumer's criminal history is more recent and within the designated scope.

52. It is not a reasonable procedure to produce a consumer report that misleads a reasonable reader into believing a consumer's criminal history is more recent than reality.

53. Defendant's procedure of reporting adverse information in a manner that makes the adverse information appear more recent and within a designated search scope is not a reasonable procedure.

54. Neither Plaintiff has any criminal history within the seven-year scope of search

designated by Defendant.

55. Plaintiffs' Consumer Reports include criminal history that predates the seven-year scope of search designated by Defendant.

56. Plaintiffs' Consumer Reports do not clarify for the reader that Plaintiffs' criminal history is outside the scope of the designated seven-year search scope and was not otherwise active during the scope of the search.

57. Plaintiffs' Consumer Reports do not clarify for the reader why the Reports contain criminal history information that contradicts Defendant's designated scope of search.

58. Plaintiffs' Consumer Reports unambiguously represent that the scope of Defendant's criminal history search is seven years.

59. Representing that the search scope of the Consumer Reports is restricted to seven years while reporting criminal history outside of the search scope harms Plaintiffs' reputations in that third parties are led to erroneously believe Plaintiffs have a recent criminal history.

60. Employers and members of the public perceive individuals with a recent criminal history as a risk and attach a stigma of deviance to the individual and the Consumer Reports falsely created that impression regarding Plaintiffs.

61. The designated seven-year search period in Plaintiffs' Consumer Reports would lead a reasonable reader to expect any criminal history in the Reports occurred, or was otherwise active, within the last seven years.

62. Plaintiffs' Consumer Reports are materially misleading and include conflicting information.

63. Although the Consumer Reports represent that Plaintiffs' criminal history search was restricted to a designated seven-year search period, the Reports nonetheless include

unfavorable information regarding Plaintiffs which predates that period.

64. The inclusion of unfavorable information in the Consumer Reports preceding the designated seven-year search period paints a false and negative picture of Plaintiffs.

65. The inclusion of Plaintiffs' criminal history in the Consumer Reports preceding the designated seven-year search period would mislead an employer who would otherwise expect the Reports' criminal history to be limited to seven years.

66. Plaintiffs' Consumer Reports would have no criminal history information listed under the "County Criminal Records Search" if Defendant had abided by the designated seven-year search period.

67. Although the FCRA allows records of criminal convictions older than seven years to be reported, Defendant's procedure of stating a definite temporal search period creates expectations for the reader.

68. Defendant's inclusion of criminal convictions outside its designated temporal search period creates a conflict between the data reported by Defendant and its search period procedure.

69. The result of the conflict between Defendant's designated temporal search period and the reported data is harm to the consumer's reputation, as the data appears to be active within the designated temporal search period.

70. Notably, the Consumer Reports' inclusion of Plaintiffs' criminal history information predating the designated seven-year search scope conflicts with the prohibitions of Texas Business and Commerce Code §20.05(a)(4).

71. Texas Business and Commerce Code, §20.05(a)(4) considers criminal convictions more than seven years old to be obsolete information.

72. The Consumer Report would have no criminal history information relating to Plaintiffs listed under the County Criminal Records Search if Defendant had abided by Texas Business and Commerce Code §20.05(a)(4).

73. The inclusion of obsolete and prohibited data regarding Plaintiffs' criminal histories in the Consumer Reports that Defendant provided to Lowe's and Home Depot violates Texas Business and Commerce Code §20.05(a)(4).

74. On information and belief, employers in Texas would only expect to see criminal history in consumer reports that occurred in the past seven years per Texas Business and Commerce Code §20.05(a)(4).

75. The Consumer Report produced by Defendant contains patently incorrect or materially misleading information.

76. The Consumer Report produced by Defendant, which includes criminal history information relating to Plaintiffs beyond the designated seven-year search scope, is inaccurate and materially misleading. Therefore, Defendant's production of the Consumer Report violates 15 U.S.C. §1681e(b).

77. The unambiguous representation of a seven-year criminal history search period and the inclusion of information from outside that period is evidence that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiffs in violation of 15 U.S.C. § 1681e(b).

78. Upon information and belief, Lowe's and Home Depot employ individuals who have a criminal history.

79. The Consumer Reports produced by Defendant damaged Plaintiffs' livelihood.

80. The Consumer Report produced by Defendant caused Plaintiffs to lose a job

opportunity and wages that Plaintiffs would have otherwise earned.

81. The Consumer Reports produced by Defendant harmed Plaintiffs' reputations.

82. The Consumer Report produced by Defendant harmed Plaintiffs' standing in society by associating Plaintiffs with recent criminal conduct and subjecting them to the stigma and negative social consequences that accompany such an association.

83. Defendant's knowing or reckless publication of false and misleading information regarding Plaintiffs' criminal history to a third party constitutes conduct analogous to defamation *per se*, in that it falsely imputed recent criminal conduct to Plaintiffs and harmed their reputations, as well as directly impaired their ability to obtain employment.

84. Defendant's actions caused Plaintiffs to suffer embarrassment, anxiety, emotional distress, and mental anguish, including, but not limited to, stress associated with the loss of employment and the stigma of being falsely associated with recent criminal activity.

85. The manner in which the Defendant created the Consumer Reports is consistent with Defendant's policies and procedures for creating consumer reports for employment purposes.

86. Defendant's violations of the FCRA, combined with its knowledge of the requirements of the FCRA, are evidence that Defendant was in negligent and reckless disregard of the law.

87. Defendant's violations of Texas law, combined with its knowledge of the requirements of Texas Business and Commerce Code §20.05(a)(4), are evidence that Defendant was in negligent and reckless disregard of the law.

## CLASS ACTION ALLEGATIONS

88. **Class Definitions**: Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs propose the following class definition:

**15 U.S.C. § 1681e(b) Class:** All individuals who were the subject of one or more consumer reports that represented a criminal history search scope limited to seven years yet included criminal history beyond that scope, for the period of the previous two years prior to the date of filing through the conclusion of this matter.

89. As used herein, the term "Proposed Class" shall refer to the aforementioned putative class.

90. Plaintiffs reserve the right to amend the class definitions before the Court determines whether certification is appropriate, if discovery or further investigation reveals that the Proposed Class should be expanded or otherwise modified.

91. Excluded from the Proposed Class are: (i) Defendant, its parents, subsidiaries, affiliates, officers, and directors; (ii) those who make a timely election to be excluded from the Proposed Class, and (iii) any member of the judiciary presiding over this action.

92. **Numerosity**: The Proposed Class is so numerous that joinder of all members of each class is impracticable. Defendant routinely produces consumer reports on individuals to end users for employment purposes. In doing so, Defendant fails to comply with the certification, accuracy, and notice mandates of the FCRA, along with Texas state law requirements for consumer reporting agencies. Upon information and belief, Defendant has produced more than 10,000 consumer reports using the same policies and procedures during the relevant period. Accordingly, Plaintiffs estimate that at least 10,000 individuals would fall within the definitions of the Proposed Class during the relevant time period. Members of the Proposed Class can be identified through Defendant's records.

93. **Common Questions of Law and Fact**: Virtually all issues of law and fact in this class action predominate over any questions affecting individual members of the Proposed Class. The questions of law and fact common to the Proposed Class include:

a. Whether Defendant maintains reasonable procedures that are

designed to ensure maximum possible accuracy in the consumer reports produced;

b. Whether Defendant produced reports that contain inaccuracies in violation of 15 U.S.C. § 1681e(b);

c. Whether Defendant's violations of the FCRA were in negligent and/or reckless disregard of the FCRA; and

d. The proper measure of damages.

94. **Typicality**: Plaintiffs' claims are typical of the members of the Proposed Class in that Plaintiffs are entitled to relief under the same causes of action and upon the same facts. Defendant is a consumer reporting agency that produces consumer reports to end users. Defendant produces the reports in violation of the mandates of the FCRA and Texas law. Accordingly, the FCRA and Texas law violations suffered by Plaintiffs are typical of those suffered by other members of the Proposed Class. Finally, Defendant treated Plaintiffs consistent with other members of the Proposed Class in accordance with Defendant's standard policies and practices.

95. **Common Questions of Law and Fact**: Virtually all issues of law and fact in this class action predominate over any questions affecting individual members of the Proposed Class. The questions of law and fact common to the Proposed Class include:

a. Whether Defendant maintains reasonable procedures that are designed to ensure maximum possible accuracy in the consumer reports produced;

b. Whether Defendant produced reports that contain inaccuracies in violation of 15 U.S.C. § 1681e(b);

c. Whether Defendant's violations of the FCRA were in negligent and/or reckless disregard of the FCRA; and

d. The proper measure of damages.

96. **Adequacy of Representation**: Plaintiffs are adequate representatives of the Proposed Class because Plaintiffs' interests coincide with, and are not antagonistic to, the interests

of the members of the Proposed Class. Plaintiffs have retained attorneys competent and experienced in FCRA class action litigation. Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of all members of the Proposed Classes.

97. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Moreover, questions of law and fact common to the members of the Proposed Class overwhelmingly predominate over individual questions that may arise. Specifically, Defendant's conduct as described herein stems from common and uniform policies and practices which resulted in common violations of the FCRA and Texas law.

98. Even if members of the Proposed Class were able or willing to pursue individual cases, a class action would still be preferable given that a multiplicity of individual actions would likely increase the expense and time of litigation in light of the complex legal and factual controversies presented. Conversely, a class action provides the benefits of fewer management difficulties, single adjudication, economy of scale, and comprehensive supervision before a single trier of fact, and would result in reduced time, effort, and expense for all parties and the Court, and ultimately, the uniformity of decisions.

99. Plaintiffs seek statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA on behalf of all members of the Proposed Class.

100. Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the members can be identified through Defendant's records.

**COUNT I**
**15 U.S.C § 1681e(b) VIOLATIONS**
**(On Behalf of Plaintiffs and the 15 U.S.C. § 1681e(b) Class)**

101. Plaintiffs incorporate the foregoing paragraphs 1-100 of this Class Action Complaint as if fully set forth herein.

102. The consumer reports produced by Defendant regarding Plaintiffs and the 15 U.S.C. § 1681e(b) Class contained information that was patently inaccurate and materially misleading.

103. A reasonable employer would be confused by the consumer reports produced by Defendant regarding Plaintiffs and the 15 U.S.C. § 1681e(b) Class.

104. The consumer reports produced by Defendant regarding Plaintiffs and the 15 U.S.C. § 1681e(b) Class casts them in a false light.

105. The consumer reports prepared by Defendant regarding Plaintiffs and the 15 U.S.C. § 1681e(b) Class falsely represent that the reports would only include criminal history information for the last seven years.

106. The consumer reports prepared by Defendants regarding Plaintiffs and the 15 U.S.C. § 1681e(b) Class contains information that is prohibited by Texas Business and Commerce Code §20.05(a)(4).

107. A reasonable employer would expect a consumer report that represents criminal history information for applicants is only included for the last seven years to include only criminal history information for that period.

108. Defendant's inaccurate and misleading consumer reports cast Plaintiffs and the 15 U.S.C. § 1681e(b) Class in a more unfavorable light than they would have been if Defendant had complied with the FCRA and Texas law.

109. Defendant's violations of the FCRA were negligent and/or reckless.

110. Defendant's negligent and/or reckless conduct is reflected by, among other things, the following facts:

a. Defendant has access to legal advice;

b. Defendant had access to public information that proved the consumer reports regarding Plaintiffs and the 15 U.S.C. § 1681e(b) Class were inaccurate and misleading;

c. Defendant produced consumer reports concerning Plaintiffs and the 15 U.S.C. § 1681e(b) Class that include inaccurate information which was detrimental to the Class; and

d. Defendant committed multiple violations of the FCRA by producing consumer reports regarding Plaintiffs and the 15 U.S.C. § 1681e(b) Class that were inaccurate.

e. Defendant committed multiple violations of Texas law in producing consumer reports that contained obsolete information.

111. Plaintiffs and the 15 U.S.C. § 1681e(b) Class are entitled to statutory damages of not less than $100 and not more than $1000 for each of Defendant's violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

112. Plaintiffs and the 15 U.S.C. § 1681e(b) Class are also entitled to punitive damages for Defendant's violations pursuant to 15 U.S.C. §1681n(a)(2).

113. Plaintiffs and the 15 U.S.C. § 1681e(b) Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and those similarly situated, respectfully requests that this Court enter judgment against Defendant as follows:

a. Certifying the 15 U.S.C § 1681e(b) Class under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

b. Designating Plaintiffs as class representatives and designating Plaintiffs' undersigned counsel as counsel for the Proposed Class;

c. Finding that Defendant committed multiple, separate violations of the FCRA as to each Proposed Class Member;

d. Finding that Defendant negligently or recklessly violated the provisions of the FCRA;

e. Finding that Defendant acted negligently and/or in deliberate or reckless disregard of Defendant's obligations under the FCRA and the rights of Plaintiffs and the Proposed Class;

f. Awarding statutory damages as provided by the FCRA;

g. Awarding punitive damages as provided by the FCRA;

h. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

i. Granting other and further relief, in law or equity, as this Court may deem just, equitable, and/or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all Counts so triable.

Dated: 06/12/2026

Respectfully submitted,

By: /s/ *Courtney C. Washington*
Courtney C. Washington
Bar No. 24115928
**SIRI & GLIMSTAD LLP**
107 S. McGraw Ave.
Forney, TX 75126
Direct: 972-349-1906
Fax: (646) 417-5967
Email: cwashington@sirillp.com

Jayson A. Watkins*
jwatkins@sirillp.com
**SIRI & GLIMSTAD LLP**
2300 Main Street, Suite 900
Kansas City, Missouri
Telephone: 816-281-7162
**Pro Hac Vice* Forthcoming

*ATTORNEYS FOR PLAINTIFFS*
*AND THE PUTATIVE CLASSES*